IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AVAZKHON AKMALOVICH ULMASOV,

     Petitioner,

v.                                                                                    No. 1:26-cv-01331-DHU-KRS

MELISSA ORTIZ, Acting Warden, Torrance County
Detention Center; MARY DE ANDA-YBARRA,
Field Office Director, El Paso Field Office of Enforcement
and Removal Operations, U.S. Immigration and Customs
Enforcement; TODD M. LYONS, Acting Director, U.S.
Immigration and Customs Enforcement, U.S Department
of Homeland Security; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General of the United
States,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Avazkhon Akmalovich Ulmasov's

Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the

record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Uzbekistan who entered the United States without

inspection on February 9, 2023. *Id.* ¶¶ 31-32. Shortly after his entry, Petitioner was encountered

by immigration officials, taken into custody, and issued a Notice to Appear, which charged him as

a noncitizen "present in the United States without being admitted or paroled." *Id.* ¶¶ 33-34 (citing

Doc. 1-3 at 1). On February 10, 2023, Immigration and Customs Enforcement ("ICE") released

Petitioner from custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a).

*Id.* ¶ 35 (citing Doc. 1-4). Nearly two years later, on January 27, 2025, ICE re-detained Petitioner,

but he was again released from custody after an Immigration Judge ("IJ") granted him bond. *Id.*

1

¶¶ 36-38. However, DHS appealed the IJ's decision, and the Board of Immigration Appeals ("BIA") vacated the IJ's order granting bond in light of the BIA's intervening decision in *Matter of Yajure Hurtado*. *Id.* ¶ 40. Petitioner was therefore re-detained on October 10, 2025. *Id.* ¶ 41. His removal proceedings are pending, and he remains detained at the Torrance County Detention Center in Estancia, New Mexico. *Id.* ¶¶ 42-43.

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without the requisite procedures violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), and its implementing regulations. *Id.* ¶¶ 82-92. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing within seven days. *Id.* at 16. Petitioner also requests that the Court award him attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.*

Respondents argue that Petitioner is an "applicant for admission" and subject to mandatory detention under 8 U.S.C. § 1225. Doc. 8 at 2. However, they acknowledge that the Court has reached the opposite conclusion in cases that are materially indistinguishable from this one. *Id.* They do not address the implications of Petitioner's prior release. *See generally* Doc. 8.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr.

2

23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2023, was detained within the United States, and was subsequently released on his own recognizance for nearly two (2) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents' failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will therefore order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by § 1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in

2023, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained nearly two (2) years later while still residing in the country. Petitioner's detention is therefore governed by § 1226(a), and the reversal of his opportunity for release on bond order also violated his due process rights. This provides an additional ground warranting Petitioner's immediate release.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, July 22, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4